The judgment of the United States Customs Court is *affirmed*.

UNITED STATES *v.* PAUL J. PAULS (No. 4277)[1]

[1] C. A. D. 116.

8

United States Court of Customs and Patent Appeals, April 1, 1940

*Webster J. Oliver*, Assistant Attorney General (*Daniel I. Auster*, special attorney, of counsel), for the United States.
*Daniel P. McDonald* for appellee.

[Oral argument February 7, 1940, by Mr. Auster and Mr. McDonald]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

GARRETT, Presiding Judge, delivered the opinion of the court:

In this case wherein the Government has appealed from the judgment of the United States Customs Court, Third Division, affirming the judgment of the single judge in a reappraisement proceeding, the material primary issues are in all respects the same as those involved in *United States* v. *Half Moon Mfg. & Trading Co., Inc.* (Suit 4276), 28 C. C. P. A. (Customs) 1, C. A. D. 115, decided concurrently herewith. All the material testimony in that case was, by stipulation, made a part of the record in the instant case and the two cases were argued together. For the reasons stated in our decision in that case, the contentions of the Government respecting such issues as are identical cannot be acquiesced in.

This case involves 13 entries (consolidated for trial) ranging in date from July 8, 1935 to October 15, 1935. The conditions respecting inland sales in Holland, as well as sales for export to the United States and other countries, were the same as those which prevailed in the companion case, and there is substantial evidence to sustain the finding of the single judge, approved by the appellate division, to the effect that there was no foreign value for the merchandise in Holland at the time of the exportations here involved.

It was pointed out in our decision in the companion case that the record established that there were only three manufacturers of bottle caps in Holland. It appears that the manufacturer from whom the merchandise in the instant case was purchased was not the same as the one from whom the merchandise involved in that case was purchased, but, as has been said, the conditions surrounding the market in Holland were the same with respect to all three manufacturers.

The only issue suggested in the instant case not involved in the companion case grows out of certain discounts alleged to have been allowed the importer here, based apparently upon the relation which existed between him and the exporting company. It seems that a contract was entered into between him and the company from which he purchased, whereby he was treated as the exclusive purchaser for the exporter in the New England States and certain of the Atlantic Coast States. It would seem from certain papers on file in the record as evidence that he was to receive commissions on all caps sold in those states, whether sold through him or shipped on his account directly to purchasers. In all other states the exporter retained the right to sell directly. The exporter was not interested in the importer's resale price, he being at liberty to sell for whatever he could get.

The Government's assignment of error, No. 14, in its appeal to this court, is in the alternative, and is to the effect that if the dutiable value is to be determined by the export value, the appellate division erred in not finding and holding that the importer was allowed an extra agent's discount of 12½ per centum on ordinary bottle caps and 5 per centum on champagne bottle caps, which discounts were not freely offered to other purchasers in the United States. So it is contended by the Government that the entered values in the cases here involved do not represent the true export values. Insofar as we are able to determine from the record, no specific reference to this phase of the case is shown to have been made in the trial before the single judge, and it is not specifically mentioned in his decision. Upon the appeal from the single judge, the Government assigned error on this point conforming substantially to that assigned in the appeal to us. The appellate division did not specifically refer to this item, but since the matter was brought to its attention we must assume that it was implicit in its decision. In the brief on behalf of importer, it is claimed that this issue is entirely without merit for the reason that at the time the importer made entry, or before the merchandise was appraised, the various entries were amended so as to make the final entered value equal to the prices paid by other importers of identical merchandise from the other two manufacturers in Holland. The Government concedes that in certain instances the importer did timely add to the invoice price of some items, but insists that those amended entries do not include the addition of the 12½ per centum on ordinary caps, nor the 5 per centum on champagne bottle caps. Neither party has taken the trouble to analyze the entries upon this point in their briefs, and the duty has devolved upon the court into whose lap the issue was thrown to examine the entry papers without any aid from counsel. We do not find that the invoices contain any statements relative to discounts, and we find that on nine of the

thirteen entries notations were made reading, in substance, "advanced to make market value —— florins." As to the other four entries, we do not find advances noted, but, so far as they disclose, the original entries may well have covered the export values without the necessity of their being advanced. A comparison of the entries in the instant case with those made in the companion case indicates that the contention of counsel on behalf of the importer that his entries were at prices identical with those given in that case is correct. At any rate, we think we must assume that all the elements going to the question of export value were duly considered by the tribunals below, and the Government has failed to convince us that there was not substantial evidence to support their concurring finding, expressed by the single judge in finding No. 2, as follows:

2. That there was at such time in Holland a value for said merchandise for exportation to the United States, and that such value is represented by the entered values herein.

We also agree to the finding, expressed by the single judge and approved by the appellate tribunal, reading—

3. That said entered values constitute the proper dutiable value of said merchandise.

For the reasons stated, the judgment of the United States Customs Court is *affirmed.*